### GROELL v. AST.

(Supreme Court, Appellate Division, Fourth Department.  May 3, 1911.)

NEGLIGENCE (§ 134*)—ACTIONS—SUFFICIENCY OF EVIDENCE.

Evidence in an action for damages by setting a barn, etc., on fire, claimed to have been negligently or wantonly done by defendant's intestate, *held* not to show that intestate fired the building.

[Ed. Note.—For other cases, see Negligence, Dec. Dig. § 134.*]

Spring and Williams, JJ., dissenting.

Action by Magdalena Groell against George Ast, administrator of John Ast, deceased. On plaintiff's motion for a new trial upon exceptions, heard at the Appellate Division in the first instance. Exceptions overruled, motion for a new trial denied, and judgment directed for defendant.

Argued before McLENNAN, P. J., and SPRING, WILLIAMS, KRUSE, and ROBSON, JJ.

William Brennan, Jr., for plaintiff.
W. C. Crombie, for defendant.

KRUSE, J. The barn and other property, for the loss of which the plaintiff seeks to recover, was destroyed by fire in the early morning of August 9, 1908. The fire was discovered shortly after midnight, and the complaint alleges that John Ast, the defendant's intestate, carelessly, negligently, and willfully set fire to the hay in the barn, thus causing the conflagration and destruction of the property.

The plaintiff lived upon a farm situate on the west side of Union Road, in the town of Cheektowaga, Erie county. John Ast lived about 500 feet south on the same road. About a half hour before the fire was discovered he was seen on the road, south of the barn, smoking a pipe, and going, not in the direction of the barn, but toward his home. He has not been seen or heard from since that night. After the fire there were found in the ashes pieces of charred human bones and a match safe, a pocket knife, and a flint arrowhead, identified as those carried by John Ast in his lifetime. These articles, with the small pieces of bone, were interred in the cemetery after funeral services had been held at the home of the brothers of John Ast.

A girl 12 yars old also claims to have seen the form of a man in the fire, resembling somewhat John Ast. Her testimony is challenged as unreliable. Whether or not she actually saw what she claims to have seen, I am quite convinced that John Ast was in the burning building and lost his life there. I do not think, however, that it fol-

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

lows that John Ast fired the building, either intentionally, negligently, or accidentally. So far as the record shows he was on friendly terms with the plaintiff. The case is barren of any circumstances tending in the remotest degree to establish any motive upon his part to set the fire. It is quite as reasonable to assume that he lost his life in attempting to save the property from destruction as that he set the fire. Furthermore, it appears that, two or three hours before the fire, the plaintiff's son had been in the barn with a lighted lantern. While I do not intend to intimate that the evidence is at all sufficient to show that the lighted lantern caused the fire, it is quite as reasonable to reach that conclusion as that John Ast set the fire.

There is evidence tending to show that John Ast was in poor health; that he had become morbid, with a tendency to suicidal mania; and that he made statements the day before the fire that he would die soon. Assuming that he intended to take his own life, as plaintiff's counsel seems to suggest, and that he committed suicide at the time of the fire, even then it is quite as reasonable to conclude that he went into the building after the fire had started and did the unnatural act of taking his own life, as that he set the fire for that purpose. I think there has not been shown such a chain of circumstances, unbroken and so closely connected, as to warrant the conclusion that John Ast set the fire.

The plaintiff's exceptions should be overruled, the motion for a new trial denied, and judgment directed for the defendant upon the nonsuit, with costs. All concur, except SPRING and WILLIAMS, JJ., who dissent.